Coryell v. Coryell.

PER CUR. The plea is clearly bad. There must be judgment for the plaintiff on this demurrer

---

[385] CORYELL v. CORYELL.

If a request is made to arbitrators for an adjournment on reasonable grounds and at a proper time, and it is refused, it is a sufficient reason for setting aside an award. But such an application is too late when the parties had agreed that the referees should proceed to make their decision, and they had in consequence agreed upon their award.

This was a motion to set aside the report of referees, on the ground that they had refused an application by the defendant for an adjournment.

Mr. Thompson, one of the referees, swore that on the morning of the day on which the report was signed, the defendant made a written application for an adjournment, that he might have time to procure from Philadelphia a receipt which he alleged to be material in his defence. Thompson also swore he thought the request reasonable, and he refused to sign the award because it was not granted. The writing containing the application was produced, in which the defendant stated he had through mistake left some material papers at home, and was at the time unable to produce the receipt and other material evidences. Thompson also said in his affidavit that the defendant stated the want of other material evidences, left at home by mistake.

The two other referees, on the other hand, swore there had been three meetings by at least two of the arbitrators, previous to this of the 1st of September. On the 24th of July, in particular, the parties were so fully heard before them, that both sides agreed the referees at the next meeting, which was fixed for the 29th of August, should finally settle the business, and the defendant told them that if he was not present, they might proceed without him.

Den, ex dem. Secquil, v. Moore et al.

It appeared also by their deposition, that this application for an adjournment was not made until they had settled the principles, and actually agreed upon the amount of their report, and had called on an attorney to draw it up in form.

PER CURIAM. If the arbitrators refuse a request for an adjournment founded upon sufficient reasons, and offered at a proper season, it is a sufficient ground for vacating an award; so far the law was recognized in the case of *Jessup* v. *Cook, ante* 105. But this application was too late; it was probably made after the party had received some intimation of [386] the nature of the report, and knew it was unfavorable to him. We think the referees were right in refusing it.

Rule discharged.